1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  JAMES M. EMERY, State Bar #153630
   DAVID L. NORMAN, State Bar #148556
4  Deputy City Attorneys
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
           Telephone:    (415) 554-3989
6          Facsimile:    (415) 255-0733
           Email:  david.norman@sfgov.org
7
   Attorneys for Plaintiffs,
8  THE CITY AND COUNTY OF SAN
   FRANCISCO AND THE PEOPLE OF
9  THE STATE OF CALIFORNIA

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13  CITY AND COUNTY OF SAN FRANCISCO        Case No. C-01-2315 ~~FMS~~ M H P
    and PEOPLE OF THE STATE OF
14  CALIFORNIA and DENNIS J. HERRERA,
    City Attorney of the CITY AND COUNTY OF    **STIPULATION RE**
15  SAN FRANCISCO, in his official capacity as  **SETTLEMENT; AND ORDER**
    representatives of the *qui tam* plaintiff CITY  **THEREON**
16  AND COUNTY OF SAN FRANCISCO on
    behalf of UNITED STATES OF AMERICA,       Judge:       Marilyn H. Patel
17  STATE OF CALIFORNIA, SAN FRANCISCO
    BAY AREA RAPID TRANSIT DISTRICT, a        Date Action Filed:    June 14, 2001
18  rapid transit district, ALAMEDA CORRIDOR  Trial Date:           Sept. 25, 2006
    TRANSPORTATION AUTHORITY, a joint
19  powers authority, CITY OF LOS ANGELES,
    CITY OF LONG BEACH, and LOS ANGELES
20  COUNTY METROPOLITAN TRANSIT
    AUTHORITY,
21
                          Plaintiffs,
22
           vs.
23
    LANDAVAZO BROTHERS, INC., a California
24  corporation; GEORGE LANDAVAZO, an
    individual; DERRICK P. LANDAVAZO, an
25  individual; THEODORE V. LANDAVAZO, an
    individual; JOHN LANDAVAZO, an
26  individual; and DOES ONE through TWO
    HUNDRED, inclusive,
27
                          Defendants.
28

                                      1

**Parties**

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by and between Plaintiffs City and County of San Francisco and Dennis J. Herrera, City Attorney of San Francisco, in his official capacity on behalf of the People of the State of California (collectively referred to as "the City") and San Francisco Bay Area Rapid Transit District ("BART"), on the one hand, and Defendants Landavazo Brothers, Inc., George C. ("George") Landavazo, Derrick P. Landavazo, Theodore V. ("Ted") Landavazo and John Landavazo (collectively referred to as "Landavazo" or "the Landavazo Parties"), on the other hand. The City, BART and Landavazo are collectively referred to as "the Parties."

**Recitals**

A.      From 1991 through 2001, Landavazo was certified by San Francisco as a Minority Business Enterprise ("MBE"), bid on and was awarded subcontracts for at least eleven projects that were part of the San Francisco International Airport Master Plan (SFIA Contract Nos. 5500.B, 5500.E, 5500.J, 5520.E, 5650.A, 5600.C, 5700.A, 5750.B, 5900C, 5900.D and 5905.A). From 1992 through 2001, Landavazo was also certified by BART and other agencies as a Disadvantaged Business Enterprise ("DBE"). Beginning in 1998, Landavazo bid on and was awarded many subcontracts for work on BART's Extension Project To San Francisco Airport. Those contracts included, among others, BART Contract Nos. 12YC-120, 12YS-120, 12YS-130 and 12YS-140. For each of those four BART contracts, Landavazo performed its work as a concrete placement subcontractor for Tutor-Saliba/Slattery J.V. and Sverdrup/CONCO J.V.

B.      On June 14, 2001, the City on its own behalf (and with respect to the Business & Professions Code Section 17200 claim, on behalf of the People of the State of California) and as a qui tam plaintiff on behalf of BART, and also as a qui tam on behalf of the United States of America, the Los Angeles Metropolitan Transit Association, the Alameda Corridor Transportation Authority, the City of Los Angeles and the City of Long Beach (collectively referred to as "the Non-Participating Government Entities"), filed an action against Landavazo in the United States District Court for the Northern District of California, entitled *City and County of San Francisco, et. al. v. Landavazo Brothers, Inc., et al.*, Case No. C01-2314 ("the Action"). The City alleged that in connection with its certification, bidding and performing of projects for the City, BART and the Non-Participating Government Entities, Landavazo committed frauds, made false statements, submitted false claims, and engaged in unfair business practices by, among other things: (1) seeking DBE/MBE certification

2

with numerous government entities based on asserted income levels that failed to include income Landavazo received from concrete sales; (2) seeking DBE/MBE certification as both a general building and general engineering contractor when Landavazo performed all of its public work as a concrete placement contractor; and (3) conspiring with prime contractors to claim DBE/MBE participation credit for the cost of concrete materials where Landavazo excluded such purchases as part of its gross receipts and/or gross income on its tax returns and DBE/MBE certification applications. The City alleged that Landavazo would allow others to claim DBE/MBE participation credit for Landavazo's purported purchases of concrete when: (a) the prime contractors arranged for the purchase of the concrete; (b) the prime contractors took all or most of the risk for the concrete purchases; and (c) Landavazo did not perform a commercially useful function in connection with purchasing the concrete but merely passed the cost of the concrete materials through its subcontracts for a purchase fee for the sole purpose of assisting general public works contractors to falsely inflate the credit they claimed under the government entities' various DBE and MBE programs. The City alleged further that Landavazo misled government entities and deprived other minority and disadvantaged businesses from receiving subcontract work in furtherance of the government entities' policy goals.

C.     Although it did not join or intervene in the action, BART has actively participated in the case by, among other things, identifying and reviewing relevant BART documents, conferring with the City's counsel about the case, and appearing at hearings and a settlement conference held in the case. The Non-Participating Government Entities each declined to join in the Action and have not participated in it.

D.     In May 2004, the Court lifted the seal on the Action, and in August 2004 the City filed its First Amended Complaint ("FAC") against Landavazo. Shortly thereafter, Landavazo challenged the City's pleadings. By February 2005, Landavazo filed an answer denying the allegations of the FAC and disputing liability for all of the allegations and claims asserted in the Action. Landavazo, in responding to the claims of the City and BART, alleged that it committed no "fraud" or any wrongful acts in connection with its certification as a DBE/MBE, that it is a legitimate minority owned construction company solely owned by five Hispanics, and that it has been unfairly and unreasonably pursued by an overzealous City Attorney. Landavazo further alleged that the DBE/MBE ordinances at issue were designed to assist companies like Landavazo who the drafters of the ordinances recognized had been subjected to pervasive and ongoing discrimination for decades. Landavazo alleged that just as it began to compete on equal footing with white owned companies, the City Attorney went to lengths to damage its business and reputation. Landavazo (1) denied that it failed to

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

provide accurate accounts of its gross receipts as its CPA made that determination after consultation and, further, provided the certifying agencies with accurate and complete information at all times; (2) denied that it misrepresented in any way its license status or the type of work it performed; and (3) denied that it "conspired" with any prime contractors in connection with MBE/DBE participation credits.  Among other defenses, Landavazo alleged that the San Francisco Human Rights Commission, as well as representatives of the San Francisco Airport and BART, were well aware and approved of contracts whereby Landavazo purchased concrete for Airport and BART projects and, further, were well aware and approved of the DBE/MBE credits received by said prime contractors. Landavazo denied that it did not perform a commercially useful function in connection with its work on the projects and it harmed in any way the rights of other minority contractors.

E.     To avoid the risks and expenses of further litigation, the Parties have agreed to fully and finally settle the Action without further litigation on the terms set forth below.  This settlement is fair, adequate, and reasonable under the circumstances under California Government Code section 12652(e)(2)(B).  The City and BART, on the one hand, and Landavazo, on the other, wish to settle the disputes between them that were or could have been asserted by the City and BART in the Action or that relate to the matters alleged by them in the Action and, for the consideration set forth in this Agreement, to dismiss the claims asserted by them in the Action with prejudice, dismiss the claims asserted on behalf of the Non-Participating Government Entities without prejudice, and to release each other from further liability.  The Non-Participating Government Entities are not parties to this Agreement and are not releasing claims against Landavazo, and in executing this Agreement neither the City nor BART is acting on behalf of those entities.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the City, BART and Landavazo hereby agree as follows:

**Terms and Conditions**

**1.     Covenants and Releases**

1.1     Payment and Related Terms.

In full and complete settlement of any and all claims, which the City did or could have asserted against Landavazo in the Action, Landavazo shall pay to the City and County of San

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

Francisco the total sum of five hundred and eighty-seven thousand and five hundred dollars ($587,500) (the "Settlement Amount"), to be paid as follows:

- $100,000, to be paid on or before October 1, 2006 or no later than ten days after notice of final approval of the settlement as described in Section 3.2 below; and

- $487,500 to be paid in monthly installments of $7,500 for 65 consecutive months, beginning on January 5, 2007 and continuing on the fifth day of each calendar month thereafter until paid in full.

The Parties agree that no interest shall accrue on the above amounts if they are paid timely in accordance with the above schedule. However, if any payment is made more than ten (10) days after it is due, interest shall accrue on such late payment or payments from the due date until paid at the rate of Prime Rate plus two (2) percent. "Prime Rate" shall mean the rate of interest quoted by Citibank N.A. or its successor, as its prime rate on the first day of the month immediately preceding the month for which the payment is past due. Interest shall be computed on the basis of a three hundred sixty five (365) day year. Each payment shall be credited first to interest on the Settlement Amount (if any), then to any other amounts due and owing under the Settlement Documents, as defined below, and finally to the principal that is the Settlement Amount.

    1.2    <u>Payment Obligation to Be Joint and Several.</u>

The obligations to make the payments set forth in this Agreement are the joint and several obligations of each of the Landavazo Parties, including Landavazo Brothers, Inc., George Landavazo individually, Derrick Landavazo individually, Theodore Landavazo individually and John Landavazo individually.

Landavazo Brothers, Inc., George Landavazo, Derrick Landavazo, Theodore Landavazo and John Landavazo each agrees that the City may fully enforce any or all of these obligations against any one or more of them personally and individually in the event of any failure timely to make the payments listed above, and that the City may do so regardless of whether Landavazo Brothers, Inc. or any of the other Landavazo parties is able to make such payments or has become insolvent or filed bankruptcy.

Landavazo further agrees and acknowledges that because the City's claims, settled herein, are to recover money obtained by false representations, false pretenses, and actual fraud and notwithstanding Landavazo's denials of liability on the City's claims, the obligations hereunder are not dischargeable in bankruptcy, and further, that the filing and pendency of bankruptcy proceedings by any one of them shall not stay or otherwise prevent any collection or enforcement proceeding

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

against any other of them. Each of the Landavazo Parties waives the protections of the automatic stay, and agrees that if one of more of them files bankruptcy, there would be cause to grant the City relief from the automatic stay and they will not oppose any motion for relief from stay that the City may file. Each of the Landavazo Parties further agrees that if one of more of the Landavazo parties files bankruptcy, none of the Landavazo Parties will contest the City's adversary proceeding to determine the debt is non-dischargeable.

The agreements and acknowledgements set forth in this section are material to the City, and the City would not be willing to enter into this Agreement without them.

1.3     Security.

Landavazo's obligation to pay the Settlement Amount to the extent of any unpaid principal or outstanding interest will be further memorialized and secured by one or more deeds of trust recorded against that certain real property described in Exhibit A ("Security Property") in the form attached hereto as Exhibit B ("Deed of Trust"). The Security Property is owned jointly by the George C. Landavazo Revocable Trust, Derrick Landavazo, Theodore ("Ted") Landavazo, John Landavazo and Robert Cabrera ("the Security Property Owners"). By their signatures on this document, the Security Property Owners acknowledge that it is in their individual and collective self interest to facilitate the settlement of the Litigation and that they have agreed to permit the Security Property to be encumbered to secure Landavazo's obligations incurred under this Settlement Agreement. The Deed of Trust relative to the Security Property will be approved and executed by the Security Property Owners and acknowledged by the spouse of each individual who holds an interest in the Security Property and shall be fully enforceable irrespective of any community property interest such spouse may hold in the Security Property. Any leasehold interest in the Security Property, including the Lease dated September 1, 1994 ("Lease"), between the Security Property Owners and Landavazo Brothers, Inc., shall be subordinate to the City's Deed of Trust in the Security Property and Landavazo Brother, Inc. agrees that City shall have the right to terminate the Lease at any time and Tenant shall vacate the property within thirty (30) days after notice of default and election to terminate the Lease is provided by the City, following any instance of a default by Landavazo under this Agreement. This Agreement, the Deeds of Trust and any other documents and instruments executed by the Parties in connection therewith shall collectively be referred to as the "Settlement Documents." The Security Property Owners and Landavazo shall duly execute and record the Deed of Trust in the County Recorder's Office in Alameda County, where the Security Property is located, and further agree to protect and maintain the Deed of Trust in place until all of Landavazo's

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

obligations under this Agreement are satisfied, including but not limited to payment of the Settlement Amount in full.  Upon recordation of the Deed of Trust, Landavazo shall provide to the City a lender's title insurance policy from an insurer and in a form acceptable to the City, insuring City's interest in the Security Property, as more particularly described in Paragraph 2.6 below.  Landavazo and the Security Property Owners agree not to take or permit any actions with respect to the Security Property that will impair the value, validity or seniority of the City's security interest therein, including failing to pay any taxes due with respect to the Security Property at any time before Landavazo's debt to the City under this Agreement is fully paid.

1.4    Agreement not to Bid.

Landavazo agrees that they and any new entity in which any of them are affiliated or holds an interest shall not bid on any contract or subcontract for any BART or San Francisco project before December 31, 2008.

1.5    Dismissal of Action.

In consideration for this Agreement, the Parties agree to dismiss the Action with prejudice as to the City, Dennis J. Herrera on behalf of the People of the State of California and BART, but without prejudice as to the United States of America, the State of California, the City of Los Angeles, the County of Los Angeles, the City of Long Beach and the Alameda Corridor Transportation Authority, within ten days of execution and approval of this Agreement by the applicable governing commissions and boards of the City and BART.  The City and BART agree to make reasonable efforts to ensure that the applicable governing commissions and boards accept or reject this Agreement as soon as possible and by no later than ~~October 31, 2006~~. NOVEMBER 30, 2006. P.J./RC

1.6    Resolution of Liability.

This Agreement resolves all issues of disputed liability relating to the Action.  Landavazo expressly denies any liability, fault or wrongdoing for any of the claims and allegations asserted in the Action.

1.7    Releases:    Except for the rights and obligations expressly contained in or arising out of this Agreement, the City and BART hereby release and discharge Landavazo Brothers, Inc., George Landavazo, Derrick Landavazo, Theodore Landavazo and John Landavazo, and all of their partners, affiliates, owners, parent companies, servants, employees, insurers, predecessors,

7

successors, heirs, executors, assigns, former employees, representatives and attorneys ("Released Landavazo Parties") from any and all manner of actions, claims, demands, liabilities, debts, damages, expenses and costs of every nature, kind and description whatsoever which the City and BART may now have or may hereafter have against the Released Landavazo Parties that arise from or are related to the allegations and claims raised in the Action or that relate to the Action and could have been raised in the Action.  This Release does not extend to defects in the construction of the projects or any warranty or continuing obligations under the terms of any Landavazo subcontract.

Except for the rights and obligations expressly contained in or arising out of this Agreement, Landavazo Brothers, Inc., George Landavazo, Derrick Landavazo, Theodore Landavazo and John Landavazo, hereby release and discharge the City and BART and all of their agencies, agents, servants, employees, insurers, predecessors, successors, heirs, executors, assigns, former employees, representatives and attorneys ("Released City and BART Parties") from any and all manner of actions, claims, demands, liabilities, debts, damages, expenses and costs of every nature, kind and description whatsoever which Landavazo may now have or may hereafter have against the Released City and BART Parties that arise from or are related to the allegations and claims raised in the Action or that relate to the Action and could have been raised in the Action.

This release also shall have no affect on the Non-Participating Parties' rights to pursue any actions arising from the events identified in the FAC.  As provided in Paragraph 1.5 above, the City will dismiss its FAC without prejudice as to the Non-Participating Parties.

      1.8    No Other Promise, Representation or Agreement.

The Parties warrant that no promises, agreements or representations not specifically contained in this Agreement have been made to each other and that none of them is relying on any such promise, agreement or representation in entering into this Agreement.  Each Party hereto has made such investigation of the facts pertaining to this settlement and Agreement that they deem necessary.  Each of the parties is represented by counsel and has been advised about the terms of this Agreement.

      1.9    Enforceability and Attorneys' Fees.

The Parties agree that the Court in which the Action is pending shall retain jurisdiction to interpret, resolve any dispute regarding, and enforce the terms of this Agreement, and that the Agreement is enforceable by motion in that Court or by any other legally permissible means.  As more particularly set forth in Paragraph 2.5 below, the Parties further agree that any and all disputes

and relating to and efforts to enforce this Agreement shall entitle the prevailing party to an award of reasonable attorneys' fees and costs associated with such action.

## 2.    **Default and Acceleration of Balance**

2.1.    The following events, or any of them, shall constitute a default by Landavazo under this Agreement:

a.    Failure to make any payment under the Settlement Documents within ten (10) days of when due.

b.    Failure to perform any of the conditions, covenants, or other obligations contained in the Settlement Documents and such failure continues for a period of thirty (30) days following written notice.

c.    Any representation or warranty by Landavazo in the Settlement Documents proves to have been knowingly false or materially incorrect when made.

d.    Any lien or encumbrance is recorded against the Security Property without the prior written consent of the City, which consent will not be unreasonably withheld (although it will not be unreasonable for the City to require a subordination agreement in connection with any such encumbrance), and such lien or encumbrance is not removed or otherwise remedied to the City's satisfaction within thirty (30) days of the date the encumbrance is recorded.

e.    All or a portion of the Security Property is damaged or destroyed by fire or other casualty or is condemned, and the City reasonably determines that the security of the applicable Deed of Trust has been substantially impaired; provided, in such instance Landavazo shall be given a reasonable period, not to exceed sixty (60) days, to provide alternate security reasonably satisfactory to the City.

f.    All or any part of the Security Property is sold, transferred, assigned, encumbered, conveyed, or hypothecated, whether voluntary, involuntary, or by operation of law (each, a "Transfer"), without the City's prior written consent.  Landavazo shall immediately notify the City of any such Transfer.

g.    Landavazo Brothers, Inc. is dissolved, liquidated or merged with or into any other entity without the City's prior written consent, or ceases to exist in good standing under the laws of the State of California for a period of thirty (30) days.

h.    Landavazo Brothers, Inc. or any of the Landavazo parties (including any of the owners of the Security Property; collectively, the "Landavazo Parties") is subject to an order for relief by the bankruptcy court, or is unable or admits in writing its or his inability to pay its or his

9

debts as they mature or makes an assignment for the benefit of creditors; or any of the Landavazo Parties applies for or consents to the appointment of any receiver, trustee or similar official for it or for all or any part of its property (or any such appointment is made without its consent and the appointment continues undischarged and unstayed for sixty (60) days); or any of the Landavazo Parties institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceeding relating to it or to all or any part of its property (or any such proceeding is instituted without its consent and continues undismissed and unstayed for sixty (60) days); or any judgment, writ, warrant of attachment or execution or similar process is issued or levied against the Security Property and is not released, vacated or fully bonded to the City's satisfaction within sixty (60) days after its issue or levy.

2.2   <u>Remedies for Default</u>.

Upon the occurrence of any event of default, the City may exercise any one or more of the following remedies as the City in its sole discretion may determine:

a.   The City may declare the unpaid principal balance due under this Agreement, together with all accrued interest thereon, and any other amounts payable under the Settlement Documents, to be immediately due and payable, each without protest, presentment, notice of dishonor, demand or further notice of any kind, all of which are expressly waived by Landavazo;

b.   The City may perform any of Landavazo's obligations under the Settlement Documents in such manner as the City may determine;

c.   The City may, either directly or through an agent or court-appointed receiver, take possession of the Security Property and enter into such contract and take such other action as the City deems appropriate to protect the security of the Deed of Trust; and

d.   The City may proceed to protect, exercise and enforce all other rights and remedies available at law or in equity, including but not limited to judicial or nonjudicial foreclosure of the Deed of Trust in such order as City may choose in its sole discretion, and any other remedy set forth in the Settlement Documents.

All costs, expenses, charges and advances of the City in exercising any of the foregoing remedies, including reasonable attorneys' fees, shall be added to the outstanding principal balance of the Settlement Amount.

10

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

2.3   Partial Payment.

The City has no obligation to accept partial payment from Landavazo.  Acceptance of partial payment does not constitute a waiver by the City of the right to enforce full payment of any other rights under the Settlement Documents.

2.4   Notices.

Unless directed otherwise, notices should be sent as follows:

a.   Landavazo:
Charles S. Custer
Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Fax:  (415) 986-8054

b.   San Francisco City Attorney's Office:
David Norman
City Attorney's Office
1390 Market St., 5th Floor
San Francisco, CA  94102
Fax:  (415) 255-0733

Any notice hereunder shall be effective only if in writing and given by delivering the notice in person or by sending it with postage prepaid by first class mail, certified mail with a return receipt requested, or overnight courier with a return receipt requested to the addresses set forth above, or to such other address as a party may designate as its new address for such purpose by notice given to the others at the address set forth above.  Except as otherwise specified, any notice hereunder shall be deemed to have been given two (2) days after the date when it is mailed if sent by first class or certified mail, one day after the date it is made if sent by overnight courier, or upon the date personal delivery is made.

2.5   Attorney's Fees for Collection and Enforcement.

Landavazo further agrees to pay all reasonable and necessary costs of collection and enforcement, including reasonable attorney's and expert's fees and costs at market rates, in case Landavazo defaults under this Agreement, whether suit be brought or not.  For purposes of this Agreement, reasonable attorneys' fees of the City shall be based on the fees regularly charged by

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

1   private attorneys with the equivalent number of years of experience in the subject matter area of the

2   law for which services were rendered who practice in the City of San Francisco in law firms with

3   approximately the same number of attorneys as employed by the Office of the San Francisco City

4   Attorney.  If either Party commences an action against the other to interpret or enforce any of the

5   terms of this Agreement, or because of a breach by the other Party of any of the terms of this

6   Agreement, the non-prevailing Party shall pay the prevailing Party reasonable attorneys' fees, costs

7   and expenses, experts' fees, costs and expenses, and court costs and other costs of action incurred in

8   connection with the prosecution or defense of such action, whether or not the action is prosecuted to a

9   final judgment.  For the purposes of this Agreement, the terms "attorneys' fees" or "attorneys'

10  and costs" shall mean the fees and expenses of counsel to the Parties, which may include printing,

11  duplicating and other expenses, air freight charges, hiring of experts, and fees billed for law clerks,

12  paralegals, librarians and others not admitted to the bar but performing services under the supervision

13  of an attorney.  The terms "attorneys' fees" or "attorneys' fees and costs" shall also include, without

14  limitation, all such fees and expenses incurred with respect to appeals, mediations, arbitrations, and

15  bankruptcy proceedings, and whether or not any action is brought with respect to the matter for which

16  such fees and costs were incurred.

17          2.6   Security/Title Insurance.

18          As set forth in paragraph 1.3, Landavazo agrees to deliver to the City the Deed of Trust on the

19  Security Property.  Notwithstanding anything to the contrary herein, this Agreement shall not become

20  effective until (i)  the Deed of Trust is recorded in the Official Records of Alameda County, and (ii)

21  Chicago Title Company agrees to issue to the City, at no cost to the City, an ALTA 1992 lender's title

22  insurance policy subject to a survey exception in a form acceptable to the City (the "Title Insurance

23  Policy") insuring the City's lien priority interest in the Security Property subject only to the survey

24  exception and exceptions listed in that certain preliminary title report to be prepared by Chicago Title

25  Company.  The Title Insurance Policy shall provide coverage in the amount of six hundred thousand

26  dollars ($600,000.00).

27

28

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

### 3.     Representations, Covenants, Conditions and General Provisions

3.1.  Representations and Warranties re Security Property.

Each of the Landavazo Parties and the Security Property Owners hereby represents, warrants, and covenants, for the benefit of the City, as follows:

a.     Based upon the appraisal report dated March 25, 2005, said parties are informed and believe that the Security Property Owners have equity of at least $487,500.00 in the Security Property.

b.     The only encumbrances on the Security Property other than liens for property taxes not yet due and payable are (a) a deed of trust to secure a loan made by Sacramento Savings and Loan Association in the original amount of $387,000.00 dated July 6, 1988, the current obligee of which is Wells Fargo Bank and the current total balance for which is no more than $151,812,76; and (b) a deed of trust to secure a loan made by George C. Landavazo as Trustee of the George C. Landavazo Revocable Trust jointly to Ted Landavazo, Derrick Landavazo, John Landavazo and Robert Cabrera in the amount of $120,000.00 dated October 7, 1994.

c.     To the best of their knowledge, there are no material violations of any laws, rules or regulations applicable to the Security Property, including, without limitation, any earthquake, life safety and handicap laws which would materially impair the value of the Security Property. Landavazo's current use of the Security Property is permitted by applicable laws, including all building code and zoning laws. The Security Property Owners are not in default in the payment of any property taxes or other charges and assessments relating to the Security Properties.

d.     There are no leases, licenses, or other occupancy rights or agreements granting to any party the right to use or occupy the Security Properties other than the individual signatories on each Deed of Trust and the Lease entered into between the Security Property Owners and Landavazo Bros., Inc. dated September 1, 1994. The Security Property Owners will not enter into any other leases or provide any other occupancy rights of any kind to any party other than as set forth in this paragraph without the City's prior written consent. The Landavazo Bros., Inc. Lease shall be subordinated to the City's security interest in the Security Property.

13

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

d.    To the best of their knowledge, no document or instrument furnished by the Landavazo Parties to the City in connection with this Agreement contains or will contain any untrue statement of material fact or omits or will omit a material fact necessary to make the statements contained therein not misleading, under the circumstances under which any such statement shall have been made.

e.    To the best of their knowledge, there are no condemnation proceedings, either instituted or planned to be instituted by any governmental or quasi-governmental agency, which could detrimentally affect the use, operation or value of the Security Property or impair the security interest of the Deed of Trust.

f.    To the best of their knowledge, all water, sewer, gas, electric, telephone, and drainage facilities and all other utilities required by law or by the normal use and operation of the Security Property are installed and are adequate to service the Security Property for its existing use.

g.    To the best of their knowledge, there are no easements or rights of way which have been acquired by prescription or which are otherwise not of record with respect to the Security Property, and there are no easements, rights of way, permits, licenses or other forms of agreement which afford third parties the right to traverse any portion of the Security Property to gain access to other real property.  In addition, there are no disputes with regard to the location of any fence or other monument of the Security Property boundary nor any claims or actions involving the location of any fence or boundary.

h.    To the best of their knowledge, there is no litigation pending or threatened against Landavazo or any basis therefore that arises out of the Security Property or that might detrimentally affect the use, operation or value of the Security Property or the ability of Landavazo to perform its obligations under this Agreement.

i.    With respect to the Security Property, the persons signing the Deed of Trust are the sole legal and equitable owners of the Security Property, with full right to convey and encumber the same, and without limiting the generality of the foregoing, such parties have not granted any option or right of first refusal or first opportunity to any third party to acquire any interest in the Security Property or any portion thereof.

14

j.   Landavazo Brothers, Inc. is a California Corporation duly organized and validly existing under the laws of the State of California and is in good standing under the laws of the State of California.

k.   This Agreement and all documents executed in connection herewith (including but not limited to the Deed of Trust) are duly authorized, executed and delivered by the Landavazo Parties, the Security Property Owners and any other necessary party, and are legal, valid and binding obligations of the Landavazo Parties, the Security Property Owners and such additional signatories, enforceable in accordance with their respective terms, and do not violate any provision of any agreement or judicial order to which the Landavazo Parties, the Security Property Owners or such signatories are a party or to which the Landavazo Parties, the signatories, or the Security Properties are subject.

l.   George C. Landavazo has full authority to bind the George C. Landavazo Revocable Trust and all documents he is executing on behalf of the Trust are duly authorized, executed and delivered, enforceable in accordance with their respective terms, and do not violate any provision of any agreement or judicial order.

m.   The provisions of this Section 3.1 and Section 1.3 (Security) shall survive any expiration or termination of this Agreement until Landavazo has paid all amounts due and owing to the City under this Agreement and the City reconveys the Deed of Trust.

3.2   Subordination.

George C. Landavazo as Trustee of the George C. Landavazo Revocable Trust agrees that the deed of trust and loan of $120,000.00 dated October 7, 1994 shall be subordinated to the City's interest in the Security Property and to its Deed of Trust thereon and that he will execute and record the documents necessary to effect such subordination.

3.3   Approvals

In order to become effective, this Agreement must receive the approval of the San Francisco Airport Commission, the Board of Supervisors of the City and County of San Francisco and the Board of Directors of BART, each acting in their sole and absolute discretion, and the United States District Court for the Northern District of California (the "Necessary Approvals"). The City, BART

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

and Landavazo agree to seek the Necessary Approvals promptly after this Agreement is executed. If all of the Necessary Approvals are not obtained on or before October 31, 2006, then this Agreement shall be null and void, and any funds received by the City and BART from Landavazo hereunder shall be returned within ten days of that date. Except as specifically set forth in this paragraph no approval of this Agreement by any person or entity shall be required for this Agreement to become effective and fully enforceable by the City and BART against Landavazo, and Landavazo assumes all risks associated with any objection by any such person or entity to this Agreement or any failure by such person or entity to approve this Agreement, including but not limited to the United States Attorney General and any other public official or entity.

### 3.3    Authority

The Landavazo signatories warrant that they have the full legal power, capacity and authority to enter into and execute this Agreement and the Settlement Documents. The signatories for BART and the City warrant that they have the full legal power, capacity and authority to enter into and execute this Agreement, subject to the conditions set forth in Paragraph 3.1.

### 3.4    Execution of Documents

Each Party hereto agrees to execute all documents, including dismissals, that are necessary or helpful to carry out the provisions of this Agreement, including the terms concerning security for the payments this Agreement requires, and each Party irrevocably authorizes its attorney to execute all such documents.

### 3.5    Governing Law

This Agreement has been negotiated and executed in the State of California, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with the laws of the State of California.

### 3.6    Interpretation

All Parties through their counsel have participated in the drafting and preparation of this Agreement, and in case of any dispute this Agreement shall not be construed against any party based on preparation of the Agreement.

### 3.7    Counterparts

c:\nrportbl\dms_sf\tjohnson\1060984_1.doc

This Agreement may be executed in counterparts.  A facsimile or photocopy of the counterparts may be considered an original for all purposes.

3.8   <u>Invalid Provision</u>

If any provision or any part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, the remainder of this Agreement shall not be affected thereby.

3.9   <u>Reconveyance Upon Full Satisfaction</u>

Upon full and complete payment of the financial obligations set forth in Section 1.1 hereinabove, Landavazo shall provide and the City shall promptly execute any documents necessary to reconvey any an all Deeds of Trust for the Secured Property and/or any alternate property(s) provided to secure the obligations set forth herein

<strong>EXECUTION</strong>

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement by their duly authorized representatives, to be effective as of the dates listed below:

Dated: ~~September~~ _November 7_, 2006

**CITY AND COUNTY OF SAN FRANCISCO**

By: _____
Dennis J. Herrera
City Attorney

Dated: ~~September~~ _October 12_, 2006

**SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT**

By: _____
BART General Counsel

17

Dated: September __, 2006

**LANDAVAZO BROTHERS, INC.**

By: _____

Theodore V. Landavazo
Its: President

Dated: September __, 2006

_____
Theodore V. Landavazo

Dated: September __, 2006

_____
Derrick Landavazo

Dated: September __, 2006

_____
John Landavazo

Dated: September __, 2006

_____
George Landavazo

Dated: September __, 2006

The George C. Landavazo Revocable Trust

By: George C. Landavazo
        Its Trustee

Dated: September __, 2006

_____
Robert Cabrera

_____

18

1

**APPROVED AS TO FORM:**

2
Dated: ~~September~~ *November 9*, 2006

3

4

By:  David Norman
Deputy City Attorney
City and County of San Francisco
Attorneys for Plaintiff City and County of
San Francisco and Dennis J. Herrera

5
Dated: ~~September~~ *October* 12, 2006

6

By:  Jose Ramiro Salazar
Attorneys for Plaintiff San Francisco Bay Area Rapid
Transit District

7

8
Dated: September /, 2006

By:  Charles S. Custer
Gordon & Rees
Attorneys for Defendants Landavazo
Brothers, Inc., Theodore V. Landavazo,
Derrick Landavazo, John Landavazo,
George Landavazo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

### ORDER

Upon the foregoing Stipulation of the parties, and good cause appearing therefore,

IT IS ORDERED, ADJUDGED AND DECREED

1.  That the settlement memorialized above is approved by the Court, and as agreed by the parties, this Court shall retain jurisdiction, resolve any dispute regarding, and enforce the terms of this Agreement, and that the Agreement is enforceable by motion in this Court or by any other legally permissible means; and

2.  That the parties having made an adequate showing that the parties obtained the approvals required in Section 3.3 of the foregoing Stipulation, the above captioned matter against all defendants is dismissed with prejudice as to Plaintiffs the City and County of San Francisco; Dennis J. Herrera, City Attorney of San Francisco, in his official capacity on behalf of the People of the State of California; and San Francisco Bay Area Rapid Transit District, but without prejudice as to the United States of America, the State of California, the City of Los Angeles, the County of Los Angeles, the City of Long Beach and the Alameda Corridor Transportation Authority.

Dated: ___Dec. 19, 2006___



The _____ ____ Patel
United _____

IT IS SO ORDERED

Judge Marilyn H. Patel

LBI/1017789/1060984v.1

c:\nrportbl\dms_sf\ccuster\1060984_1.doc